## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **OCTAVIAN ANTOHI M.D.,** | § | |
| **CHERRYL ANTOHI,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | |
| | § | **No. 3:25-CV-00267-LS** |
| **AETNA LIFE INSURANCE** | § | |
| **COMPANY, D/B/A AETNA FIRST** | § | |
| **HEALTH, OPTUM RX, TENET** | § | |
| **HEALTHCARE CORPORATION,** | § | |
| | § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER GRANTING THE MOTIONS TO DISMISS OF DEFENDANTS AETNA AND OPTUM RX

Plaintiffs Octavian Antohi and Cherryl Antohi sue Defendants Aetna Life Insurance Company, Optum RX, and Tenet Healthcare Corporation, under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Court grants Aetna's and Optum RX's Rule 12(b)(6) motions to dismiss for failure to state a claim.

### I.    LEGAL STANDARD.

A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which a court can grant relief. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] "A claim has facial plausibility when the plaintiff pleads

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A complaint must support legal conclusions with factual allegations.[3]

The Court takes all factual allegations as true and construes them in the light most favorable to the plaintiff.[4] Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] "'[N]aked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[6] A Rule 12(b)(6) motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted."[7]

## II.    ANALYSIS.

Aetna and Optum RX move to dismiss Plaintiffs' claims asserting (1) failure to comply with information requests; and (2) breach of fiduciary duty.

### A.    Failure to respond to requests for Plan documents.

ERISA requires a plan administrator to provide copies of various documents to a plan beneficiary upon the beneficiary's request.[8] An administrator is "the person specifically so designated by the terms of the instrument under which the plan is operated; if an administrator is not so designated, the plan sponsor."[9] The healthcare plan in this case expressly names Tenet as

---

[2] *Id.*

[3] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

[4] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[5] *Twombly*, 550 U.S. at 555.

[6] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (holding the Court should not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions").

[7] *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

[8] 29 U.S.C. § 1024(b)(4).

[9] 29 U.S.C. § 1002(16)(A)(i)–(ii).

both administrator and sponsor.[10] Plaintiffs' conclusory allegation that Optum RX is the plan administrator[11] lacks factual support. Moreover, Plaintiffs fail to allege that they requested plan documents from Aetna, much less that Aetna is the plan administrator. Plaintiffs argue that although the plan does not name them as administrators, Aetna and Optum RX are fiduciaries "that play a role in the denial of a claim."[12] Even if Aetna and Optum RX were fiduciaries, there remains no statutory duty mandating they provide plan documents upon request. Finally, ERISA mandates that administrators provide only certain plan documents,[13] but Plaintiffs' failure to allege what documents were withheld prevents any analysis about whether the documents fall within the statute's ambit. Plaintiffs' claim against Aetna and Optum RX for violating a statutory duty to provide plan documents fails.

### B.        Breach of fiduciary duty.

In a complaint section heading, Plaintiffs list Aetna and Optum RX as the defendants in a breach of fiduciary claim arising under 29 U.S.C. §§ 1104(a) and 1132(a)(3), but the body of the claim itself identifies only Tenet as the claim's defendant.[14] Assuming that Aetna and Optum RX were intended defendants, Plaintiffs cannot sue for injunctive relief under § 1132(a)(3) for breach of fiduciary duty when they have "adequate relief available for the alleged improper denial of

---

[10] *See* ECF No. 6, at 60, 62–63; *see also Collins v. Morgan Stanley Dean Witter*, 225 F.3d 496, 498–99 (5th Cir. 2000) ("'[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.' . . . In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993))).

[11] ECF No. 9 at 2.

[12] ECF No. 15 at 2.

[13] *See* 29 U.S.C. § 1024(b)(4) ("The administrator shall . . . furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.").

[14] ECF No. 9 at 5–6 ("Tenet Corporation and its administrators breached its fiduciary duties to Dr. Antohi . . . .").

benefits through [their] right to sue the Plan[] directly under section 1132(a)(1)."[15] In their first claim, Plaintiffs sue the Plan, Tenet, directly under § 1132(a)(1),[16] and Tenet has filed an answer.[17] Even if this claim against Tenet ultimately fails, that "simple fact . . . does not make [Plaintiffs'] alternative claim under section 1132(a)(3) viable."[18] Plaintiffs' § 1132(a)(1) claim against Tenet bars any ostensible claim against Aetna and Optum RX under 1132(a)(3).

## III.   CONCLUSION.

The Court **GRANTS** the subject Rule 12(b)(6) motions to dismiss for failure to state a claim [ECF Nos. 13 & 14] and **DISMISSES** all claims against Aetna Life Insurance Company and Optum RX. **The case remains open as to Defendant Tenet Healthcare Corporation**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on March 5, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998).
[16] ECF No. 9 at 4.
[17] ECF No. 21.
[18] *Tolson*, 141 F.3d 604 at 610.